EASTERN DIST.
May, 1840.

GRAVIER'S CURA-
TOR
vs.
LARTET ET AL.

GRAVIER'S CURATOR vs. LARTET ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where a third person purchases in property under an agreement to reconvey it, when funds are placed in his hands to reimburse the price and release him from his liability, the original owner or his representatives cannot claim any right to the property when the reimbursment has not been made or tendered.

This is an action by the curator of the vacant estate of the late John Gravier, to recover two lots of ground in New-Orleans, which had been seized under execution as the property of Gravier, and sold at sheriff's sale, and purchased in by the late Pierre Liquet, for one thousand and thirty dollars, in November, 1823, who gave his twelve months bond ; and entered into a written agreement with Gravier to reconvey him the property, on being reimbursed and secured for the price he had bid. This agreement, together with a mortgage given by Gravier to secure the payment of the twelve months bond, were duly recorded. At the end of twelve months, Gravier having failed to pay or provide funds, the property was again seized under the twelve months bond, and Liquet purchased it for one hundred and fifteen dollars.

Liquet having since died, his heirs sued Gravier for the balance due on the first purchase of one thousand and thirty dollars, over and above the one hundred and fifteen dollars, for which the property was sold at the last sale, which suit is alleged to be still pending. The property has now passed into the hands of Matthieu Lartet and wife, and H. C. Gildemeester.

EASTERN DIST.
*May,* 1840.

GRAVIER'S CURA-
TOR
*vs.*
LARTET ET AL.

The plaintiff alleges that these lots were, and always remained the property of Gravier, who, although he did not immediately refund the sum originally bid, agreed to pay interest, and did actually pay on account of principal and interest, eight hundred dollars. That the defendants refused to give up said property, although amicably requested, wherefore he prays judgment, declaring said lots to be the property of Gravier's estate, and that he be put in possession thereof.

The defendants made defence ; pleaded the general issue, and denied specially that the plaintiff had right or title to the property claimed ; also set out their titles, and called in their warrantors respectively. The whole case turned on the plaintiff's right to recover. There was no evidence to show that Gravier had paid or even tendered the price which Liquet had paid in virtue of the sheriff's sale to him.

There was judgment for the defendants, and the plaintiff appealed.

*L. Janin,* for the plaintiff, insisted that Gravier never ceased to be the owner of the property. The act under private signature between Gravier and Liquet gave to the former a perfect title as it was duly recorded.

2. Gravier has never been divested of title. If the money or price of the property at sheriff's sale has not been refunded, Liquet has his mortgage on another square of ground, and should have resorted to that. He expressly contracted with Gravier to reconvey the property, on being secured the amount of his purchase at sheriff's sale.

*Benjamin,* for the defendants.

1. If the private agreement between Liquet and Gravier be put on the most favorable footing for the latter, *i. e.* as an

EASTERN DIST.
May, 1840.

GRAVIER'S CURA-
TOR
vs.
LARTET ET AL.

agreement that the title should remain in Liquet with an unlimited right of redemption in Gravier, plaintiffs cannot recover. This agreement was made under the old code, and at page 362, articles 91 and *seq.* of that code, the term for redemption is limited to ten years, under any circumstances. No proof was made in this case that the money was paid within ten years, Louisiana Code, 2545 and *seq.*

2. But by the very terms of the private agreement, Gravier was to get title from Liquet, *only in the event of his furnishing the amount of the bond six days before maturity.* This is not even alleged by plaintiff. This condition not being complied with, he has no title on the very face of his own pleadings.

3. The original plaintiffs in execution against Gravier took out, on the non-payment of the twelve months bond, an execution against the parties to it. On this execution, they seized, as they had the right to do, the lots in question. Any individual had a right to purchase on this execution, and if a third person had purchased, there would have been no shadow of ground for questioning the title, because the plaintiffs in execution were not bound by any private agreements between Liquet and Gravier. But there is nothing in that agreement, in law or in reason, to prevent Liquet's buying the property, if seized in his hands, by reason of Gravier's failure to perform his agreement, which disability is not shown, and cannot be presumed.

*Eustis* and *M'Millen*, for the warrantors, contended :

1. The title was in the purchaser at sheriff's sale, Liquet, by the adjudication and sheriff's deed.

2. It was confirmed in him by the second adjudication, at the expiration of the twelve months bond.

3. It was possessed and held from the time of the adjudication, by Liquet and his heirs and their vendors, *with the consent of Gravier.* This is to be inferred from the plaintiff's own petition, the sheriff's deed, and the subsequent sales.

4. The principles established by this court in the case of *Dorzer* vs. *Squires,* 13 *La. Reports,* 130, will protect the third purchaser in a case like this. If Gravier put his property in

the names of other persons, and it was sold under execution as their property, equity will protect a *bona fide* purchaser, without notice.

EASTERN DIST.
*May*, 1840.

GRAVIER'S CURA-
TOR
*vs.*
LARTET ET AL.

5. The defendants rely on the prescription of ten years.

6. It does not appear that the lot purchased by the defendant in warranty, is the same as that described in the private writing referred to in the plaintiff's petition. The plaintiff, then, showing no title, judgment must be for the defendant.

7. The private agreement between Liquet and Gravier, bound Liquet to convey the property to Gravier, on Gravier's compliance *with a condition*. The compliance with the condition, within the time specified, was a pre-requisite to the exercise of any real rights in relation to the property.

8. The non-compliance of Gravier with the condition, necessarily excludes any right to the property on the part of Gravier.

9. It is only in alleging a compliance with this condition, that Gravier could maintain an action even against Liquet. This not having been done, the suit against a *bona fide* third purchaser, must fail.

*Martin, J.,* delivered the opinion of the court.

The plaintiff seeks to recover two lots, which were sold on an execution against Gravier, and purchased at his request, by one Pierre Liquet, who gave his bond therefor, at twelve months. Gravier promised to place the price in his hands a few days before the maturity of the bond, giving, also, a mortgage for the further security of Liquet; who, according to an act *sous seing privé*, subscribed by Gravier, and recorded by Liquet, was to reconvey the lots, on being released from his liability for the price. Gravier having failed to place funds in his hands, the lots were sold, and purchased by Liquet, who, besides the consideration of this sale, paid the balance which remained due on the bond. These lots afterwards, by different conveyances, passed to the defendants.

Were the lots in question still in the hands of Liquet, a reconveyance could not be claimed from him, according to his contract with Gravier, until after the dissolution of his

*Where a third person purchases in property under an agreement to reconvey it, when funds are placed in his hands to reimburse the price, and release him from his liability, the original owner or his representatives cannot claim any right to the property when the reimbursement has not been made or tendered.*

EASTERN DIST. liability, or the reimbursement of what he had paid to obtain
*May*, 1840.  it.   This reimbursement has never been made or tendered;
PONTCHARTRAIN the vendees of Liquet cannot, therefore, be disturbed.
RAIL ROAD CO.
*vs.*        It is, therefore, ordered, adjudged and decreed, that the
ORLEANS NAVI-
GATION CO.   judgment of the District Court be affirmed, with costs.